UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY R. BARNES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 1:07-CV-263/1:06-CR-4
Chief Judge Curtis L. Collier

# MEMORANDUM

*Pro se* petitioner Tammy R. Barnes ("Petitioner") filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255 (Court File No. 25). The United States filed a response (Court File No. 32), and Petitioner then filed a reply (Court File No. 33). For the following reasons, Petitioner's motion pursuant to § 2255 (Court File No. 25) will be **GRANTED** to the extent that Petitioner's sentence will be **VACATED** and Petitioner will be **RESENTENCED**.

## I. INTRODUCTION

Petitioner was convicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. The indictment alleged Petitioner had specifically possessed seven different firearms. The presentence report prepared on Petitioner, however, stated she was to be held accountable for twelve firearms. Under the then-current United States Sentencing Guidelines, a felon in possession of twelve firearms was subject to a four-level enhancement, while a felon in possession of seven firearms was subject to only a two-level enhancement. In the present motion to vacate, Petitioner argues she received ineffective assistance of counsel at her sentencing, because her counsel failed

to object to use of the greater number of firearms.

In response to the motion, the Government agrees her counsel was ineffective in failing to raise the objection. The Government further states it would not have opposed the objection to hold Petitioner accountable for only seven firearms if such an objection had been made during the sentencing. Nevertheless, the Government argues Petitioner received no prejudice, because the Court was free under 18 U.S.C. § 3553(a) to impose a sentence above the advisory Guidelines range.

The Court finds the materials thus submitted, together with the record of the underlying criminal case (No. 1:06-CR-4), conclusively show Petitioner is entitled to relief on her claim for ineffective assistance of counsel at the sentencing hearing. Accordingly, the Court will decide this matter without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and will **GRANT** Petitioner's motion, for the following reasons.

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

On September 30, 2005, Dayton, Tennessee Police Department officers responded to a burglary call at 1167 Ogden Road, where the resident reported that, while he was absent, the back door had been pried open and numerous items were missing. Among the items missing were a Raven Arms .25 caliber semiautomatic pistol (registered to the resident), a Browning .38 Special in a black vinyl case, a Smith & Wesson .22 caliber rifle, a Marlin .410 shotgun, and a 12-gauge shotgun.

On October 21, 2005, Rhea County, Tennessee Sheriff's Department deputies responded to a burglary call at 1237 Dean Corvin Lane, Dayton, Tennessee, where the resident reported that, while he was out, someone broke into his home and stole items, including a .40 caliber Smith &

Wesson semiautomatic pistol.

On November 1, 2005, Bledsoe County, Tennesee Sheriff's Department deputies responded to a burglary call at 28522 Highway 27, Pikeville, Tennessee where the resident reported that, while he was out, someone had pried open his back door, broke out the back window, and burglarized his home. The suspect stole two pistols from the closet (a Ruger P345 and a Ruger Vaquero), two rifles (a Marlin Model 336C and a Remington Model 7400), one shotgun (a Winchester Model 1200), and one muzzle-loader from the gun cabinet in the bedroom, and a digital camera.

On November 15, 2005, Detective Mike Bice contacted a citizen informant (CI) who stated he had purchased firearms and knives from the defendant, but did not know they were stolen. The CI gave the guns and knives to investigators. Among the items recovered from the CI were seven firearms reported missing from the above-mentioned burglaries. Among the weapons recovered from the CI were the Raven .25 caliber semiautomatic pistol stolen September 30, 2005; the Smith & Wesson .40 caliber semiautomatic pistol stolen October 21, 2005; the Ruger Model P345 .45 caliber semiautomatic pistol, the Ruger Vaquero .357 caliber semiautomatic pistol, the Marlin Model 336 30-30 rifle, the Remington Model 7400 .270 caliber rifle, and the Winchester Model 1200 shotgun stolen November 1, 2005.

On November 16, 2005, the defendant consented in writing to a search of her residence. The search revealed numerous jewelry and electronic items reported missing in approximately 13 burglaries occurring between September and November 2005, in the Rhea County/Bledsoe County area, including those previously mentioned.

On January 10, 2006, a federal grand jury for the Eastern District of Tennessee returned a two-count indictment against Petitioner, alleging she was a felon in possession of the seven firearms

specifically mentioned above, in violation of 18 U.S.C. § 922(g)(1), and alleging she knowingly possessed stolen firearms, in violation of § 922(j) (Court File No. 1).

On July 6, 2006, Petitioner pleaded guilty to count one of the indictment § 922(g)(1).

A presentence report was then prepared on Petitioner. The probation officer determined that the base offense level was 20. A four-level enhancement was then applied, because the probation officer concluded the number of firearms involved in the case was twelve, rather than seven. Petitioner's offense level was also increased by two levels, because the firearms were stolen. Petitioner also received a three-level downward adjustment for acceptance of responsibility, which resulted in a total offense level of 23. Because Petitioner fell in a criminal history category VI, her Guidelines range was 92 to 115 months.

On November 9, 2006, this Court sentenced Petitioner to 115 months in prison. No direct appeal was filed. On October 29, 2007, however, Petitioner timely filed a motion for relief under § 2255.

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886

(E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged, in order to obtain relief under § 2255, the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

### III. DISCUSSION

Petitioner raises only one argument in support of her motion to vacate.[1] Specifically, Petitioner argues she received ineffective assistance of counsel at her sentencing hearing, because her trial counsel did not object to the four-level enhancement for possessing twelve firearms (Court

---

[1] Petitioner initially stated three separate grounds for relief (Court File No. 25). In her memorandum in support of the motion, however, Petitioner only addressed the first and third grounds for relief, combining the first two claims into one (Court File No. 26). Moreover, in Petitioner's reply, she withdrew her third claim for relief and emphasized she is only making only one argument in support of her motion to vacate (Court File No. 33, at 1-2).

File No. 26, at 2-3). Petitioner asserts she only pleaded guilty to possessing seven firearms, and if she had only been held accountable for seven firearms under the Guidelines, she would have received only a two-level enhancement (*Id.*).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden. *Id.* at 697.

The Government concedes Petitioner's counsel was ineffective at the sentencing hearing by failing to object to the four-level enhancement (Court File No. 32, at 9). The Government also concedes it would not have opposed the objection to hold Petitioner accountable for only seven firearms, if such an objection had been made during the sentencing (*Id.*). Therefore, because the Government concedes Petitioner's counsel rendered ineffective assistance, the Court need not address the first prong under *Strickland*.

In order to prevail on her motion to vacate, however, Petitioner must still demonstrate she was prejudiced. *See id.* at 697. As the Government notes, had Petitioner's trial counsel objected to the number of firearms, the recalculated total offense level would have been 21, rather than 23, resulting in an advisory Guidelines range of 77 to 96 months, rather than 92 to 115 months. The Government argues, however, that this difference in the advisory Guidelines range does not indicate Petitioner was prejudiced by her counsel's error, because the Court was free under 18 U.S.C. § 3553(a) to impose a sentence above the advisory Guidelines range (Court File No. 32, at 9-10).

Before imposing a sentence, a district court must consider the Guidelines range, *see* 18 U.S.C § 3553(a)(4), and an improperly calculated range is grounds for reversal of that sentence. *See Gall v. United States*, 552 U.S. 38, 51(2007) (stating that the district court issues a procedurally unreasonable sentence if it fails to properly calculate the advisory Guidelines range); *United States*

7

*v. Lalonde*, 509 F.3d 750, 763 n. 5 (6th Cir. 2007). After considering the advisory Guidelines, the district judge must then consider all of the factors under 18 U.S.C. § 3553(a) to determine whether they support a sentence inside or outside of the Guidelines. *Gall*, 552 U.S. at 49-50. Though the Guidelines are advisory, if the district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of variance." *Id.* at 50.

Based upon the Government's concession that the Guidelines range should have been 77 to 96 months, a sentence of 115 months represents an above Guideline sentence of 19 months. Because the Court imposed a sentence of 115 months under the impression this was a sentence within the Guidelines, the Court had no reason to "consider the extent of the deviation" and determine whether the justification was "sufficiently compelling to support the degree of variance." *See id.* In light of this fact, the Court cannot say there is not a "reasonable probability" Petitioner would have received a lesser sentence, had the lower Guideline range been used as a starting place. *See Strickland*, 466 U.S. at 694. Whether a non-Guideline sentence of this extent would have been warranted under § 3553(a) was not considered and thus not discussed. Accordingly, the Court will give Petitioner the benefit of the doubt and conclude Petitioner was prejudiced by her counsel's ineffective assistance and she is entitled to a new sentencing hearing under § 2255.

## IV. CONCLUSION

For the reasons stated above, the Court finds Petitioner's motion to vacate, set aside or correct sentence should be **GRANTED**. Petitioner's sentence will be **VACATED** and Petitioner will be **RESENTENCED**. In addition, new counsel will be appointed to represent Petitioner during

resentencing.[2]

                                  **/s/**
                                  **CURTIS L. COLLIER**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2]Petitioner's new counsel should investigate ways in which the resentencing can be conducted without disrupting any rehabilitation programs Petitioner may be pursuing in her current incarceration.